```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FREDDIE J. KELLY,
           Plaintiff,
                                              ORDER
      -against-                               05-CV-5720(JS)(GRB)

GARY E. BOTCHAMN,
           Defendant.
----------------------------------X
APPEARANCES:

For Plaintiff:     Freddie J. Kelly, Pro Se
                   12801 Middlebrook Road
                   Chester, Virginia  23831

For Defendant:     No appearance
```

**SEYBERT, District Judge**:

The present case was administratively closed on January 21, 2016. (See Order of Admin. Closing, ECF No. 90.) The case remained dormant for more than six years.

On March 8, 2021, the Court received an undated correspondence, together with various documents (which appeared to be trial exhibits), from Plaintiff Freddie J. Kelly ("Plaintiff"). However, because the case was closed and it was unclear what, if any, relief Plaintiff sought from the Court, the correspondence and documents were returned to Plaintiff. (See ECF No. 91.)

On February 25, 2022, the Court received "Plaintiff's Memorandum of [L]aw in Reply to Defendant's Opposition to Amend, And in further Support Of Plaintiff's Motion For Leave to Amend

Pursuant To Rule (15)A" (hereafter, the "Renewed Motion to Amend") (ECF No. 92.)  For the reasons that follow, the Renewed Motion to Amend is **DENIED** as moot.

<u>First</u>:  This case remains closed.  When the case was administratively closed in January 2016, Plaintiff was advised it was done so "without prejudice to reinstatement <u>upon application</u> to this Court."  (Order of Admin. Closing, ECF No. 90 (emphasis added).)  Even under the most liberal construction, which is afforded to <u>pro se</u> filings, <u>see generally</u> <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006), the Renewed Motion to Amend cannot be read in a manner that includes a request that Plaintiff's case be reopened.

<u>Second</u>:  Even if the Court were to construe the Renewed Motion to Amend as also seeking to reopen Plaintiff's case, there is no basis to do so in this instance for the following reasons.  On December 23, 2006, the Court dismissed Plaintiff's Amended Complaint against all other defendants other than Defendant Gary E. Botchman ("Botchamn"), the sole remaining defendant.  (<u>See</u> Dec. 23, 2006 Memo & Order, ECF No. 39.)  Ultimately, Botchman filed for bankruptcy protection, which Plaintiff acknowledged.  (<u>See</u> Jan. 24, 2011 Notice, ECF No. 86.)  The Court takes judicial notice that Botchman received a Chapter 7 bankruptcy discharge in February

2012.[1]  See In re Botchman, Debtor, No. 11-22052 (RDD) (Bankr. S.D.N.Y. Feb. 9, 2012).  Moreover, other than the March 2021 filing noted above, since January 2011, "there [has been] no further docket activity, except for changes in the assigned district judge and magistrate judge and the [filing of a] status letter."  (Order of Admin. Closing, ECF No. 90.)

Plaintiff fails to explain why he waited more than six years after his case was closed to try and reinstate it.  However, the Court is hard-pressed not to conclude that "[a]ny deleterious impact on [Plaintiff's] 'right to due process and a fair chance to be heard' is a result of h[is] own dilatory actions in failing to reopen h[is] case in" either the decade since Botchman received his bankruptcy discharge or in the six years since this case was closed.  Adams v. Yolen, 513 F. App'x 64, 66 (2d Cir. Mar. 4, 2013). Certainly, the six-year span of time between the Court's closing this case and Plaintiff's filing his Renewed Motion to Amend constitutes a "significant delay" or a "prolonged failure to prosecute" weighing against re-opening the case.  See id.

Moreover, the Court also considers whether the remaining defendant, Botchman, is likely to be prejudiced by further delay. See Adams, 513 F. App'x at 66.  As the Second Circuit instructs, "prejudice may be presumed as a matter of law in certain cases,

---

[1]  The Court is unaware whether Plaintiff's alleged claim against Botchman was included in Botchamn's bankruptcy case or discharge.

but the issue turns on the degree to which the delay was lengthy and inexcusable." Id. (citations omitted).  Given the Adams Court (1) found an approximate two-and-one-half-year delay in seeking to reopen a case was "very lengthy," (2) thereby presuming the defendants would be prejudiced, and (3) warranting the denial of reopening the plaintiff's case, this Court likewise finds that Plaintiff's six-year delay (i) to also be very lengthy, (ii) is presumptively prejudicial to Botchman, and, therefore, (iii) warrants denying any deemed request to reopen this case.

      Finally:  Even if Plaintiff's Renewed Motion to Amend was properly before the Court for consideration, it is, with minor exceptions, the same document Plaintiff filed in opposition to two dismissal motions brought by other defendants in 2006.  (Compare ECF No. 38, with ECF No. 92.)  In granting those dismissal motions (see ECF Nos. 17, 20), the Court[2] also denied Plaintiff's request to amend his Amended Complaint, which request he included in his opposition memorandum.  (See Dec. 23, 2006 Memo & Order, ECF No. 39, at 10-20.)  The time to seek reconsideration of that ruling has long since expired.  And, in the absence of Plaintiff putting forth any new argument in his Renewed Motion to Amend, there is no reason for the Court to render a ruling upon it since, as noted, the Court has already done so.

---

[2] The Honorable Arthur D. Spatt was the assigned district judge who rendered that decision.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. The Renewed Motion to Amend (ECF No. 92) is **DENIED** as moot;

2. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

3. The Clerk of Court is to mail a copy of this ORDER, and return the additional documents Plaintiff mailed to the Court with his Renewed Motion to Amend, to Plaintiff.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 11, 2022
       Central Islip, New York